**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000520
29-MAR-2012
08:05 AM**

NO. CAAP-11-0000520

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


BRIAN L. STANTON, Petitioner-Appellant, v.
STATE OF HAWAI'I, Respondent-Appellee


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P.P. NO. 11-1-0013; CR. NO. 08-1-1801)


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Petitioner-Appellant Brian L. Stanton (**Stanton**) appeals from the Order Denying Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner [from] Custody, filed on June 20, 2011, in the Circuit Court of the First Circuit (**Circuit Court**).[1]

On appeal, Stanton raises the following points of error:

(1) whether the Circuit Court erred in concluding that Stanton's petition, filed pursuant to Hawai'i Rules of Penal Procedure (**HRPP**) Rule 40 (**Rule 40 Petition**), was without merit, patently frivolous, and without a trace of support in the record;

(2) whether the Circuit Court erred in concluding that the Hawai'i Paroling Authority's (**HPA's**) actions were not arbitrary and capricious;

---

[1] The Honorable Richard K. Perkins presided.

(3) whether the Circuit Court erred in denying the Rule 40 Petition without a hearing;

(4) whether the Circuit Court erred in stating that Stanton's crime falls in the category of Level III "Nature of Offense;" and

(5) whether HPA violated the Guidelines for Establishing Minimum Terms of Imprisonment (July 1989) (**HPA Guidelines**).

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Stanton's contentions as follows:

The scope of judicial review of an HPA decision establishing a minimum sentence is very limited. See Williamson v. Hawai'i Paroling Authority, 97 Hawai'i, 183, 194-95, 35 P.3d 210, 221-22 (2001) (judicial intervention is appropriate only where HPA fails to exercise its discretion, acts arbitrarily and capriciously so as to give rise to a due process violation, or otherwise violates prisoner's constitutional rights; when minimum term is set based upon established guidelines, after HPA conducts a hearing pursuant to § 706-669, there is no abuse of discretion and no violation of constitutional rights); see also Coulter v. State, 116 Hawai'i 181, 184-85, 172 P.3d 493, 496-97 (2007) (failure to specify level of punishment or significant criteria upon which minimum term decision was based, as required by HPA Guidelines, constitutes arbitrary or capricious action).

In this case, HPA held a hearing pursuant to HRS § 706-669 (1993 & Supp. 2011) and, thereafter, set Stanton's minimum prison term at ten years, identifying (1) the level of punishment as "Level III" and (2) the significant criteria upon which that decision was based as "Nature of Offense."

HPA has not deviated from the HPA Guidelines in setting Stanton's minimum term. The ten-year minimum term is within the

Guideline's range of punishment for either Level II or Level III, when, as here, the maximum term of imprisonment is twenty years. The HPA order included both the level of punishment and the significant criteria that supports the decision.  We reject Stanton's request to impose constraints, not specified in any applicable statute, rule, or guideline, on HPA's exercise of its discretion as to the assessment of the "level of disregard for the safety and welfare of others" displayed in conjunction with the offense.  We cannot conclude that HPA's exercise of its discretion here evidences a manifest abuse of discretion and HPA is only required to provide an additional explanation or basis for its decision if it deviates from the HPA Guidelines. Coulter, 116 Hawaiʻi at 185, 172 P.3d at 497.  There is no evidence in the record that Stanton did not have a fair hearing, or that HPA failed to apply, or deviated from its Guidelines. Upon review of the record, we cannot conclude that HPA "failed to exercise any discretion at all, acted arbitrarily and capriciously so as to give rise to a due process violation, or otherwise violated the prisoner's constitutional rights." Williamson, 97 Hawaiʻi at 194, 35 P.3d at 221.

Accordingly, we answer in the negative each of the questions posed in Stanton's points of error.  The Circuit Court's June 20, 2011 Order Denying Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner [from] Custody is affirmed.

DATED:  Honolulu, Hawaiʻi, March 29, 2012.

On the briefs:

Brian L. Stanton
Pro Se Petitioner-Appellant

Diane K. Taira
Richard W. Stacey
Deputy Attorneys General
for Respondent-Appellee

Presiding Judge

Associate Judge

Associate Judge

3